# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | |
| MORGAN MAGYAR,        * | |
| * | No. 19-1144V |
| Petitioner,     * | Special Master Christian J. Moran |
| * | |
| v.                * | |
| * | Filed: February 16, 2022 |
| SECRETARY OF HEALTH    * | |
| AND HUMAN SERVICES,    * | Entitlement; dismissal. |
| * | |
| Respondent.     * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

Phyllis Widman, Widman Law Firm, LLC, Northfield, NJ, for petitioner;
Kyle Pozza, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Morgan Magyar alleged that the human papillomavirus ("HPV"), hepatitis A, MCV 4, and meningitis B vaccinations she received on August 10, 2016 and August 22, 2016 significantly aggravated her abdominal migraines, cyclic vomiting syndrome, postural tachycardia syndrome ("POTS"), and dysautonomia. Pet., filed Aug. 7, 2019, at ¶¶ 8, 13, 33, 34. On February 14, 2022, Ms. Magyar filed a status report stating that she chooses to leave the Vaccine Program and requesting an entry of judgment pursuant to 42 U.S.C. § 300aa-12(d)(3)(A).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

I. **Procedural History**

Morgan Magyar filed a petition on August 7, 2019. After Ms. Magyar filed her initial medical records, the Secretary filed his Rule 4(c) report on July 9, 2020, contesting entitlement and challenging the issue of diagnosis. On September 8, 2020 and October 13, 2020, status conferences were held to discuss next steps in the case. Ms. Magyar was ordered to file school records and an expert report.

On November 19, 2020, another status conference was held at Ms. Magyar's request. Ms. Magyar stated that Dr. Brawer reviewed Ms. Magyar's medical records and determined that he would not be able to opine on the case.

On April 26, 2021, a status conference was held to determine next steps in the case. In an order following the status conference, the undersigned stated that Ms. Magyar had not established with preponderant evidence that she suffers from a particular disease. Order, issued Apr. 26, 2021. The undersigned added that it was permissible for Ms. Magyar to assert a diagnosis based either on the opinion of a treating physician or a retained expert. Id. Ms. Magyar was ordered to file a status report regarding her plans to determine a diagnosis.

On September 8, 2021, a status conference was held, during which Ms. Magyar requested an opportunity to retain an immunologist. Ms. Magyar then filed a status report on October 8, 2021 stating that she had been in contact with Dr. Lawrence Steinman, who indicated that he was interested in opining on her case. In a November 4, 2021 status conference, the undersigned advised Ms. Magyar that Dr. Steinman might lack the qualifications needed to serve as an expert witness in this case. Ms. Magyar indicated that she would continue searching for an expert witness with more experience in the relevant field.

Ms. Magyar was ordered to file a status report confirming that she had retained an expert and proposing a deadline for her expert report by February 4, 2022. On February 14, 2022, Ms. Magyar filed a status report stating that she chooses to leave the Vaccine Program and requesting an entry of judgment pursuant to 42 U.S.C. § 300aa-12(d)(3)(A). In a status conference held on February 14, 2022, Ms. Magyar confirmed that she wanted to leave the Program. This matter is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Ms. Magyar filed medical records in support of her claim but did not retain an expert to opine on her case. Therefore, Ms. Magyar wishes to have her claim dismissed and judgment entered against her. The undersigned will construe Ms. Magyar's status report as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal).

To conform to § 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, Ms. Magyar did not retain an expert to support her claim that her August 2016 vaccinations significantly aggravated her abdominal migraines, cyclic vomiting syndrome, POTS, and dysautonomia. Therefore, there is insufficient evidence to support a finding of vaccine-causation.

**Thus, this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

3